**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Aaron L. LOVE, Defendant–Appellant.**

**No. 02–2953.**

United States Court of Appeals,
Seventh Circuit.

Submitted March 27, 2003.

Decided March 27, 2003.

Before POSNER, MANION, and WILLIAMS, Circuit Judges.

### ORDER

On the evening of August 13, 2000, Charles Comstock called the Fort Wayne Police Department and said that he had just observed a man with a gun running down the street. Comstock identified himself during the call and provided a detailed description of the man along with his whereabouts. Soon thereafter a uniformed police officer spotted Aaron Love, who matched the description given by Comstock, and asked him to stop. Instead

of heeding the officer's instruction, Love fled, discarding a gun along the way. Minutes later officers apprehended Love and found the abandoned firearm.

A jury found Love guilty of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). Because Love had three previous convictions for violent felonies, the district court sentenced him as an armed career criminal, *see id.* § 924(e)(1), to 188 months' incarceration and five years' supervised release. His appointed counsel now moves to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to identify a nonfrivolous issue for appeal. Love responded to counsel's motion, *see* Cir. R. 51(b), and we confine our review of the record to the potential issues identified in counsel's facially adequate brief and Love's response. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). We grant counsel's motion and dismiss Love's appeal.

Counsel first examines whether Love could make a nonfrivolous challenge to the district court's decision to sentence him under the Armed Career Criminal Act. *See* 18 U.S.C. § 924(e)(1). Under the Act, any person who violates § 922(g)(1) and has three previous convictions for violent felonies or serious drug crimes must be imprisoned for a minimum of 15 years. *Id.* Love's prior convictions stemmed from crimes he committed in November 1992. On November 6, 1992, he robbed a jacket and a watch from one victim, took money elsewhere from another victim, and then tried to rob three other victims at a third location. Two days later, Love took a jacket from another victim with the aid of a brandished shotgun. Love was convicted of two counts of robbery and one count of attempted robbery arising from the November 6 incidents, and of one count of aiding in a robbery and another count of

dealing in a sawed-off shotgun for his conduct on November 8.

■ Counsel evaluates whether Love might argue that he was not eligible for the enhancement because he did not have three prior convictions for violent felonies. Specifically, he examines whether Love could contend that the district court erred by treating his November 6 convictions separately since the crimes were committed on the same day. *See* 18 U.S.C. § 924(e)(1). But because these three convictions arose from distinct episodes and involved separate victims at different locations, we agree with counsel that any such challenge would be frivolous. *See United States v. Morris,* 293 F.3d 1010, 1013–14 (7th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 428, 154 L.Ed.2d 354 (2002); *United States v. Hudspeth,* 42 F.3d 1015, 1019–24 (7th Cir.1994) (en banc).

■ Love identifies two additional grounds to attack the Act. Both potential arguments, however, would be frivolous. He contends that § 924(e)(1) violates the Double Jeopardy Clause of the Fifth Amendment, but this court has concluded otherwise. *See Hudspeth,* 42 F.3d at 1025. And his assertion that the Act is unconstitutional under the Equal Protection Clause of the Fifth Amendment because it treats *armed* career criminals differently than *unarmed* career criminals is patently frivolous.

■ Counsel next evaluates whether Love could assert that he received ineffective assistance of counsel. But as counsel correctly notes, the record contains no evidence that Love's appointed counsel provided inadequate representation. And if there is evidence outside of the record supporting such a claim, Love would need to present the argument in a collateral proceeding where the record can be more

fully developed. *See United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

■ Love identifies other potential avenues for appeal, but they all would be frivolous. He contends that the police violated his Fourth Amendment rights by stopping him without reasonable suspicion. Love, however, waived this challenge by failing to present it to the district court. *See* Fed.R.Crim.P. 12(f). Moreover, even had he preserved the issue for appeal, any claim that the officer's investigatory stop was not supported by reasonable suspicion would be frivolous. *See Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (officer need only have specific, articulable facts that give rise to a reasonable suspicion of criminal activity). The police acted on detailed information from an identified informant to justify the initial stop, *see Adams v. Williams,* 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), and in any event acquired reasonable suspicion once Love fled the scene, *see Illinois v. Wardlow,* 528 U.S. 119, 124–25, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000) (suspect fleeing high crime area upon seeing police sufficient to justify *Terry* stop).

■ Love also contends that the prosecution violated *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to turn over two reports prepared by officers who were present at the scene. In order to succeed on a *Brady* challenge, Love would have to establish that (1) the prosecution suppressed evidence; (2) the evidence was exculpatory; and (3) the evidence was material. *Id.* Here, any *Brady* claim would be speculative and therefore frivolous–there is no evidence in the record that the prosecution suppressed reports or that they even existed. "A due process standard which is satisfied by mere speculation would convert *Brady* into a discovery device and impose an undue burden upon the district court." *United States v. Navarro,* 737 F.2d 625, 631 (7th Cir.1984).

■ Love also contends that § 922(g)(1) is an unconstitutional exercise of Congress's power under the Commerce Clause. The validity of this statute was not raised in the district court, however, so we would review this argument only for plain error. We have repeatedly rejected similar challenges, and Love has not offered any reason why we would depart from our previous holdings. *See United States v. Fleischli,* 305 F.3d 643, 652–53 (7th Cir.2002); *United States v. Lemons,* 302 F.3d 769, 772–73 (7th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 642, 154 L.Ed.2d 523 (2002). Accordingly, an argument that it was plain error to prosecute him under § 922(g)(1) would be frivolous.

■ Finally, Love examines whether the evidence was sufficient to support his conviction. We would evaluate such a claim deferentially, considering the evidence in the light most favorable to the government, drawing all reasonable inferences in its favor. *United States v. Taylor,* 226 F.3d 593, 596 (7th Cir.2000). Here, any such challenge would be frivolous as sufficient evidence supported the jury's finding that Love was a felon who possessed a firearm that traveled in interstate commerce. *See* 18 U.S.C. § 922(g)(1). Though Love claims that he did not possess the gun, Comstock and the pursuing officer testified they saw him carrying it.

We therefore GRANT counsel's motion to withdraw and DISMISS the appeal.